

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00098-CV

DEBRA PEMBERTON                                                    APPELLANT

V.

ROBERT PEMBERTON                                                  APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Following a bench trial, the trial court signed a final decree of divorce. In the final decree, the trial court ordered that the parties' unimproved lake lot be sold to pay attorneys' fees. Page nine of the final decree states:

> The net proceeds derived from the sale after costs of sale ~~and payment of the receiver's fee~~ shall be as set out hereinbelow:

---

[1]*See* Tex. R. App. P. 47.4.

1. The delinquent Homeowner's Association dues and assessments paid in full off the top;

2. The balance of the net proceeds shall be divided 50/50 between the attorneys for Petitioner, Mark J. Rosenfield, and the attorneys for Respondent, Michael Tresidder.

3. IT IS ORDERED that DEBRA PEMBERTON shall pay in full the ad valorem taxes, interest, and penalty due and owing on the said lake lot, as sanctions for Respondent's prior discovery sanctions which were ordered and which were not paid by Respondent. [Interlineations included in original.]

In their briefs, Appellant Debra Pemberton and Appellee Robert Pemberton agree that there is an error in the final decree of divorce because it fails to limit the award of attorneys' fees to the amount of attorneys' fees owed and, depending on the value of the property at the time of the sale, could award attorneys' fees in excess of the amounts that were proven at trial. The parties agree that a provision should be added to the final decree of divorce that any net sales proceeds from the lake lot sale shall be divided equally between the parties after the payment of attorneys' fees. We agree and sustain Debra's sole issue.

Having sustained Debra's sole issue, we modify the provision on page nine of the final decree of divorce to contain the language agreed to by the parties: "2. The net sales proceeds shall be divided equally between Petitioner and Respondent after payment of the attorneys' fees that were proved at trial." As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b) (providing that appellate court may modify judgment and affirm as modified).

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  January 9, 2014